IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

MICHELLE K. MCCANN,            )
                               )
            Plaintiff,         )
                               )
v.                             )   Case No. CIV-15-087-KEW
                               )
CAROLYN W. COLVIN, Acting      )
Commissioner of Social         )
Security Administration,       )
                               )
            Defendant.         )

**OPINION AND ORDER**

Plaintiff Michelle K. McCann (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on April 1, 1969 and was 44 years old at the time of the ALJ's decision. Claimant obtained her GED. Claimant has worked in the past as a collection clerk, data entry clerk, cashier at a grocery store, deli clerk, restaurant hostess, shift manager at a convenience store, and technician at a diabetic foot center. Claimant alleges an inability to work beginning July 11, 2009 due to limitations resulting from mental impairments.

**Procedural History**

On January 10, 2012, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On May 20, 2013, an administrative hearing was held before Administrative Law Judge ("ALJ") Lantz McClain in Tulsa, Oklahoma. He issued an unfavorable decision on June 21, 2013. The Appeals Council denied review of the ALJ's decision on October 8, 2014. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with non-exertional limitations.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to provide a proper analysis at steps four and five; (2) failing to properly evaluate the medical and non-medical source evidence; and (3) failing to perform a proper credibility determination.

**Step Four and Five Evaluation**

In his decision, the ALJ found Claimant suffered from the severe impairments of depression, not otherwise specified and generalized anxiety. (Tr. 29). The ALJ determined Claimant retained the RFC to perform a full range of work at all exertional levels but with the non-exertional limitations of a restriction to simple, repetitive tasks, relating to co-workers and supervisors on superficially only but she could not work with the public. (Tr. 31). After consulting with a vocational expert, the ALJ concluded that Claimant could perform the representative jobs of circuit board assembler and final assembler, both of which the ALJ determined existed in sufficient numbers in both the regional and national economies. (Tr. 35). As a result, the ALJ determined Claimant was not under a disability from July 11, 2009 through the date of the decision. (Tr. 36).

Claimant contends the ALJ failed to include limitations for the non-severe impairment of carpal tunnel syndrome. The focus of a disability determination is on the functional consequences of a condition, not the mere diagnosis. See e.g. Coleman v. Chater, 58 F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment.); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988)(the mere diagnosis of

arthritis says nothing about the severity of the condition), <u>Madrid v. Astrue</u>, 243 Fed.Appx. 387, 392 (10th Cir. 2007)(the diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work); <u>Scull v. Apfel</u>, 221 F.3d 1352 (10th Cir. 2000)(unpublished), 2000 WL 1028250, 1 (disability determinations turn on the functional consequences, not the causes of a claimant's condition). The record is devoid of references to any functional limitation resulting from her carpal tunnel syndrome. In her briefing, Claimant appears to argue she has the condition, the condition was recognized by the ALJ, and, therefore, it must result in a functional limitation which must be accommodated in the RFC. This type of *ipso facto* reasoning is misplaced.

Moreover, Claimant has not previously asserted this condition to impose a limitation upon her prior to the briefing. The ALJ should be able to rely upon Claimant and her counsel to outline the claims asserted. <u>Branum v. Barnhart</u>, 385 F.3d 1268, 1271 (10th Cir. 2004). This Court finds no error in the omission of carpal tunnel syndrome from the RFC or the hypothetical questioning of the vocational expert.

Claimant also contends the ALJ erred by failing to include a moderate limitation in concentration, persistence, or pace in the RFC and hypothetical questioning of the vocational expert after

finding such a limitation in the paragraph B findings on assessing Claimant's mental impairments. Claimant appears to argue a perceived requirement that the limitations found in the paragraph B criteria must be included in the hypothetical questioning of the vocational expert. This Court rejects this notion as it is unsupported by the regulations and the case authority in this Circuit. The social security ruling on assessing a claimant's RFC cautions that "[t]he adjudicator must remember that the limitations identified in the 'paragraph B' . . . criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process." Soc. Sec. R. 96-8p. The Tenth Circuit has specifically found that the failure to include a moderate limitation in social functioning, for example, in the RFC based solely upon the finding at step three is not error. Beasley v. Colvin, 520 Fed. Appx. 748, 754 (10th Cir. 2013). This Court finds no error in the omission of this limitation from the RFC or the hypothetical questioning of the vocational expert.

**Evaluation of Medical and Non-Medical Opinion Evidence**

Claimant asserts the ALJ failed to properly consider several opinions in the record. Claimant's treating physician, Dr. Joe Speer, completed a mental status form on Claimant.[2] Dr. Speer found

---

[2] The form is unsigned and undated. The ALJ accepted Claimant's attorney's explanation that the form was authored by Dr. Speer. This Court will do the same absent evidence to the contrary of which there appears to be none.

7

Claimant "seems to have flight of ideas, poor mood control, and poor relationships with family and others." He further found that Claimant suffered from "mood disorders, poor emotional control and swings from manic to depressed." (Tr. 297). Dr. Speer noted Claimant had not had meaningful employment and had been fired from several jobs over the last year. She had poor interaction with supervisors. Her only interest appeared to be her daughter. Her prognosis was not positive although she appeared to be stable at her current level of functioning. Claimant was found to have difficulty with remembering, comprehending, and carrying out simple or complex instructions on an independent basis. On the question of responding to work pressure, supervision, and co-workers, Dr. Speer found Claimant had a poor outlook with a frequent loss of work due to poor interaction and being fired. Claimant was diagnosed with mood disorders. Id.

The ALJ recited Dr. Speer's findings but concluded they were not entitled to controlling weight or significant weight because they were in conflict with Dr. Speer's treatment records, were not well supported by medically acceptable clinical and laboratory techniques, and were inconsistent with the other substantial evidence. (Tr. 34). The ALJ noted that at various times, Claimant "made progress", was "stable", that "medications were helpful", "memory was intact", and was "doing better." (Tr. 32). The ALJ

8

ignored the findings from the same medical records that Claimant continued to suffer from mood swings, consistently lost her job due to conflicts with supervisors, regularly stated she was upset by the situation posed with her ex-partner concerning her daughter, and medical personnel noted no change in her mental status despite noting progress or stability. (Tr. 231, 235, 237, 244, 250, 298, 322, 345). The ALJ noted Dr. Speer's finding of a GAF of 68 but ignored the lower scores of 54 and 58. (Tr. 249, 284-85).

The ALJ also did not specifically indicate which of Dr. Speer's treatment records conflict with his opinion stated on the status form. He also failed to explain how Dr. Speer's opinion conflicted with clinical techniques. The ALJ is required to consider all medical opinions, whether they come from a treating physician or non-treating source. Doyle v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003); 20 C.F.R. § 416.927(c). He must provide specific, legitimate reasons for rejecting any such opinions. The ALJ must also give consideration to several factors in weighing any medical opinion. Id.; 20 C.F.R. § 416.927(d)(1)-(6). Moreover, an ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007).

On remand, the ALJ shall provide specific bases for failing to

include the specific restrictions found by Dr. Speer. He shall also expressly set forth the weight, whether controlling or lesser weight, he gave to the opinion and the basis for doing so. This Court notes that the ALJ relied upon Dr. Speer's diagnoses in rejecting the findings of Mr. Michael Burnside, Claimant's counselor/therapist. It is inconsistent to accept Dr. Speer's findings when convenient but reject them when it is not.

Claimant also contends the ALJ improperly discounted the opinion of Mr. Burnside, finding he was not an acceptable medical source. However, Claimant then states he agrees with the opinion of Dr. Speer over that of Mr. Burnside. It is unclear from the briefing whether Claimant asserts the ALJ's consideration of Mr. Burnside's opinion as error or not. In any event, the reasoning provided by the ALJ to give Mr. Burnside's opinion "little weight" is tenuous at best. He states that Mr. Burnside (1) is not an acceptable medical source; (2) did not find Claimant could not work; and (3) made a diagnosis of bipolar disorder which conflicted with Dr. Speer's diagnosis of mood disorder. (Tr. 34).

Mr. Burnside is at least an "other source" and must be considered. His failure to find Claimant could not work supports the ALJ's position of non-disability and does not conflict with it. The diagnosis of bipolar disorder does not necessarily conflict with Dr. Speer's finding of a mood disorder. On remand, the ALJ shall

more clearly state the basis for rejecting Mr. Burnside's opinion.

Claimant also argues the ALJ gave no "real weight" to the third party report of Randy McCann, Claimant's husband because it conflicted with the objective medical record. (Tr. 32). The ALJ does not explain the basis for the discounting of Mr. McCann's statements. At the least, it can support or not support the credibility of Claimant's subjective statements. On remand, the ALJ shall further explain the perceived conflict between the report and the medical record.

### Credibility Determination

The ALJ found Claimant's testimony of limitation was not credible because (1) her limited activities of daily living could not be objectively verified with any reasonable degree of certainty; and (2) it was difficult to determine whether the limitations were caused by her conditions or other factors. He also stated Claimant's restrictions in activities of daily living were "outweighed by the other factors discussed in this decision." (Tr. 33). This Court is not certain of the meaning of this last statement. Moreover, objective verification is not mandated before consideration of the evidence of Claimant's testimony. The ALJ also states that Claimant's work record does not lend "great support" for her statements of an inability to work. (Tr. 33). As related in this Opinion and Order, the medical record indicates Claimant's

inability to maintain employment was directly attributable to her condition.

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

An ALJ cannot satisfy his obligation to gauge a claimant's

credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence. <u>Kepler</u>, 68 F.3d at 391. However, it must also be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." <u>Qualls v. Apfel</u>, 206 F.3d 1368, 1372 (10th Cir. 2000). This Court finds that the ALJ's findings on credibility are not sufficiently linked to the objective record and is not supported by substantial evidence. On remand, the ALJ shall re-evaluate his findings on credibility and further explain any rejection of Claimant's testimony.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 8th day of September, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE